**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE ANDREWS, | No. 15-56009 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-05850-MWF-VBK |
| v. | |
| CLIFFORD SLAWINSKI; ALFRED LIO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Andre Andrews appeals pro se from the district court's judgment following a

bench trial in his 42 U.S.C. § 1983 action alleging an unreasonable seizure under

the Fourth Amendment.  We have jurisdiction under 28 U.S.C. § 1291.  We review

for clear error the district court's findings of fact and de novo its legal conclusions.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002). We affirm.

The district court did not clearly err in its factual findings, and, based upon those findings, the district court properly concluded that defendants had reasonable suspicion for the traffic stop. *See Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) (reasonable suspicion can be based on mistakes of law or fact); *Whren v. United States*, 517 U.S. 806, 810, 812-13 (1996) (no Fourth Amendment violation when officer has probable cause to believe that a traffic violation occurred; an officer's subjective intent is not relevant to the Fourth Amendment analysis).

**AFFIRMED.**